Martuscello, Acting P. J.
Having had their State training school paroles revoked without notice or hearing (Social Services Law, § 437), Anthony and Boderick B. claim that due process was *332 thus violated and that, if due process was not so violated, they nevertheless have been denied the equal protection of the law because a correctional facility parolee is entitled to a parole revocation hearing (Correction Law, § 212, subd. 7).
Revocation of parole, whether of a juvenile or an adult, is a deprivation of liberty (People ex rel. Menechino v. Warden, 27 N Y 2d 376). Hence, due process requires that a fair hearing precede such deprivation (N. Y. Const., art. I, § 6). That a parolee’s liberty is different in kind from that of the wholly free citizen, that, though he walks the public street and sleeps in his home, the parolee is there by grace and there remains in the custody of the State, diminish not in the least the reality of his liberty. Therefore, when liberty is in the balance, arbitrary administrative power should not go unchecked because disguised in categories of ‘ ‘ grace ” or “ custody ’ ’. These characterizations of the source and nature of the parolee’s status are irrelevant to whether government may take from him his home without notice, without hearing, and without cause given, for due process always may be raised against arbitrary governmental action (Matter of Vinson v. Greenburgh Housing Auth., 29 A D 2d 338, affd. 27 N Y 2d 675). Hence, against the risk of retaking the innocent parolee, we read into the statute the constitutional safeguards of notice and hearing (People ex rel. Menechino v. Warden, supra; People ex rel. Morriale v. Branham, 291 N. Y. 312; 1 Antieau, Modern Constitutional Law, § 5:132; Parole: A Critique of Its Legal Foundations and Conditions, 38 N. Y. U. Law Rev. 702).
Last, the denial of a hearing to a State training school parolee, while by statute granting a hearing to a correctional facility parolee, denies the former the equal protection of the law for, even assuming the hearing to be a grant of privilege rather than of right, the withholding of the hearing from the former is in reason unsustained by differences in age and corrective treatment (Matter of Gault, 387 U. S. 1).
Judgments of the Supreme Court, Orange County, dated October 19,1970, should be reversed, without costs, the writs sustained and relator’s juveniles discharged.
Latham, Christ, Brennan and Benjamin, JJ., concur.
Judgments reversed on the law, without costs; writs sustained and juveniles in question discharged.